IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Spencer Utsey, ) | Case No. 8:22-cv-00349-TLW |
| ) | |
| PETITIONER, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden Wallace, ) | |
| ) | |
| RESPONDENT. ) | |
| _____ ) | |

Petitioner Spencer Utsey ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this habeas petition pursuant to 28 U.S.C. § 2254 on February 4, 2022. ECF No. 1. It is his third § 2254 petition. This matter is before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Jacquelyn D. Austin, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 11.[1] In the Report, the magistrate judge recommends that the petition be summarily dismissed as improperly successive. *Id.* Petitioner filed objections to the Report. ECF No. 14. Accordingly, this matter is now ripe for the Court's review.

RELEVANT BACKGROUND

A. PETITIONER'S CONVICTION

On June 15, 1999, Petitioner was convicted by a jury of armed robbery in the Bamberg County Court of General Sessions. ECF No. 11 at 2. He received a sentence of 30 years imprisonment. *Id.* Following his conviction and sentencing, Petitioner filed a

---

[1] This matter was originally assigned to United States District Judge J. Michelle Childs and was reassigned to the undersigned following Judge Childs' elevation to the United States Court of Appeals for the District of Columbia Circuit. ECF No. 18.

direct appeal to the South Carolina Court of Appeals, which affirmed his conviction and sentence in October 2000. *Id.* at 3. The Court of Appeals denied his request for a rehearing. *Id.* Petitioner sought certiorari from the South Carolina Supreme Court, which denied his application for a writ of certiorari in June 2001. *Id.*

### B. PETITIONER'S POST-CONVICTION RELIEF ("PCR") ACTIONS

Following the exhaustion of Petitioner's direct appeals, he sought to collaterally attack his convictions through the filing of several PCR actions. His first action was filed in April 2002, and an evidentiary hearing was held in January 2003. *Id.* Ultimately, the PCR court dismissed his first PCR action in March 2003. *Id.* Petitioner did not appeal the PCR court's dismissal, however, he subsequently filed three more PCR actions in April 2008, December 2011, and November 2012. *Id.* Each of these three actions were denied as untimely since they were filed outside of the relevant statute of limitations. *Id.*

### C. PETITIONER'S FIRST 28 U.S.C. § 2254 PETITION

Petitioner next sought to collaterally attack his sentence and conviction in federal court via § 2254. He filed his first § 2254 petition on May 23, 2013. *See* Order, ECF No. 45, *Utsey v. McCall*, Case No. 8:13-cv-01433-JMC-JDA (Sept. 24, 2014). The respondent warden moved for summary judgment on the petition, arguing that it was untimely. *Id.* at 3. Petitioner responded, and the magistrate judge issues a lengthy, detailed report and recommendation which thoroughly analyzed the history of Petitioner's state court actions, reviewed his habeas claims, and outlined the relevant statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* at 3–4; *see also* Report and Recommendation, ECF No. 41,

*Utsey*, No. 8:13-cv-01433-JMC-JDA (April 18, 2014). Her report concluded that the petition was barred by the statute of limitations and recommended that the district court grant the respondent warden's motion for summary judgment. *See* Report and Recommendation, ECF No. 41, *Utsey*, No. 8:13-cv-01433-JMC-JDA (April 18, 2014). Petitioner objected to the magistrate judge's report and recommendation. *See* Objections, ECF No. 45 at 4, *Utsey*, No. 8:13-cv-01433-JMC-JDA (April 18, 2014). On September 24, 2014, in a detailed order, the Honorable J. Michelle Childs agreed that the petition was barred by AEDPA's statute of limitations. *See* Order, ECF No. 45 at 7, *Utsey*, Case No. 8:13-cv-01433-JMC-JDA. Her order accepted the magistrate judge's report and recommendation, granted the respondent warden's motion for summary judgment, and denied the petition. *Id.*

### D.  PETITIONER'S SECOND 28 U.S.C. § 2254 PETITION

Petitioner filed a second § 2254 petition on November 12, 2019. *See* Petition, ECF No. 1, *Utsey v. Warden*, 8:19-cv-3218-JMC (D.S.C. Oct. 13, 2020). He did not receive permission to file a successive § 2254 petition from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(2). On December 12, 2019, the magistrate judge issued a report and recommendation recommending that the petition be dismissed as an unauthorized successive petition. *See* Report and Recommendation, ECF No. 12, *Utsey*, 8:19-cv-3218-JMC-JDA. Petitioner filed objections, and Judge Childs accepted the magistrate judge's recommendation, concluding that the Court lacked jurisdiction to consider Petitioner's second § 2254 petition. *See* Objections, ECF No. 14, *Utsey*, 8:19-cv-3218-JMC-JDA; Order, ECF No. 19, *Utsey*, 8:19-cv-3218-JMC-JDA. Petitioner appealed to the Fourth Circuit, which

affirmed Judge Childs' order by denying him a certificate of appealability and dismissing his appeal. *See* Opinion, ECF No. 27, *Utsey v. Warden*, 8:19-cv-3218-JMC-JDA.

### E. THE PRESENT, THIRD 28 U.S.C. § 2254 PETITION

Petitioner filed the instant § 2254 petition on February 4, 2022. ECF No. 1. In it, he asserts five grounds for collaterally attacking his sentence. *Id.* For relief, Petitioner requests that he conviction and sentence be vacated and that he be immediately released from prison. *Id.*

## THE REPORT AND PETITIONER'S OBJECTIONS

As noted, the petition was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). After reviewing the petition, the magistrate judge entered an order directing service of process to the Respondent Warden and directed the Respondent Warden not to answer the petition, since she concluded it was subject to summary dismissal as improperly successive. ECF No. 10. Contemporaneous to this order, the magistrate judge issued the present Report. ECF No. 11. In the Report, she reviews the grounds raised in the petition in connection with Petitioner's other § 2254 actions. *Id.* at 4–6. In doing so, she concludes that the petition is subject to summary dismissal because it is an unauthorized successive petition. *Id.* Specifically, she notes:

> This action qualifies as a successive § 2254 action because Petitioner's first § 2254 action filed in this Court, pertaining to the same conviction for which he is serving his sentence, was decided on the merits. To be considered "successive," the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits. Here, the initial petition was dismissed on the merits, making the present Petition, which

>    attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).

*Id.* at 5–6 (internal citations omitted). Finally, the Report notes that "the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2245. *Id.* at 6 (citing *United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003)).

Petitioner timely filed objections to the Report. ECF No. 14. In reviewing the objections, the Court construes three arguments asserted by Petitioner in response to the Report:

(1) Petitioner asserts the Report erred in stating that his first § 2254 petition in *Utsey v. McCall*, Case No. 8:13-cv-01433-JMC-JDA (Sept. 24, 2014) was decided on the merits;

(2) Petitioner objects to the Report's assertion that his first § 2254 petition was dismissed with prejudice, and

(3) It appears that Petitioner objects to portions of Judge Childs' order accepting the magistrate judge's recommendation in Petitioner's first § 2254 action. Specifically, Petitioner objects to both the magistrate judge's and Judge Childs' conclusion that his first § 2254 petition was untimely.

*Id.* at 1–3

## STANDARD OF REVIEW

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review

> of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and other relevant filings and agrees with the magistrate judge that the petition is improperly successive.

### A. THE COURT ACCEPTS THE REPORT BECAUSE IT DOES NOT HAVE JURISDICTION TO CONSIDER THIS SUCCESSIVE § 2254 PETITION

This Court does not have jurisdiction to review the arguments raised in Petitioner's third petition. He has previously file two § 2254 actions. Thus, this third petition is clearly successive. Under 28 U.S.C. § 2244, a petitioner may not file a successive § 2254 petition for a writ of habeas corpus without first receiving permission to do so from the appropriate circuit court of appeals:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(3)(A). Here, there is nothing in the record before this Court that shows Petitioner has received an order from the Fourth Circuit authorizing a second or successive § 2254 petition. Petitioner has provided no filing or docket entry that shows authorization for filing a successive petition. Thus, the Court does not have jurisdiction to consider the petition now before it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see also Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C.

Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion . . . he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done."). Petitioner's third § 2254 petition is therefore **DISMISSED** as successive.

### B. PETITIONER'S OBJECTIONS DO NOT CHALLENGE THE MERITS OF THE REPORT

Petitioner's three asserted objections do not challenge the merits of the Report and do not contradict the magistrate judge's ultimate conclusion that this Court does not have jurisdiction to review Petitioner's third § 2254 action because he has not received permission to pursue another habeas action from the Fourth Circuit. Even so, the Court has also reviewed Petitioner's objections and concludes that they are without merit.

As to Petitioner's first objection: the Court has carefully reviewed the record from Petitioner's first § 2254 action. Contrary to his assertion, that case was clearly decided on the merits. "Where an initial petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted in determining whether a petition is successive." *Harvin v. Cartledge*, No. 8:13-CV-3515-RBH, 2014 WL 12526356, at *2 (D.S.C. Apr. 21, 2014). Here, Petitioner's first § 2254 was not dismissed on technical grounds. Instead, it was thoroughly adjudicated on the merits, as illustrated by the magistrate judge's detailed 34-page order analyzing both Petitioner's

habeas claims and the Respondent Warden's responsive motion for summary judgment. In conducting this analysis, the magistrate judge thoroughly reviewed each of Petitioner's four PCR actions, his habeas petition, and the record below in conjunction with the applicable statute of limitations and principles of equitable tolling. This on the merits analysis resulted in her recommendation that the Court grant the Respondent Warden's motion for summary judgment. Similarly, Judge Childs issued a detailed 7-page order analyzing both the magistrate judge's recommendation and Petitioner's objections. Her order overruled the objections, accepted the report and recommendation, and granted the Respondent Warden's motion for summary judgment, denying the petition. Clearly, Petitioner's first § 2254 action was on the merits. *See generally Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) ("A summary judgment dismissal is a final adjudication on the merits [.]"). Therefore, the Court overrules this objection.

Second, Petitioner second objection to the Report's explanation that his first § 2254 was dismissed with prejudice is without merit. The first petition was denied when the Court granted the Respondent Warden's motion for summary judgment based on the relevant statute of limitations. A summary judgment dismissal on the merits is with prejudice. *See, e.g., Washington v. Cartledge*, No. 4:16-cv-00017-PMD-TER, 2016 WL 1444620, at *2 (D.S.C. Mar. 9, 2016) ("[T]he previous petition was dismissed with prejudice as summary judgment on the merits was entered in favor of respondent. Accordingly, the instant [p]etition is successive."), *adopted by*, 2016 WL 1427359 (D.S.C. Apr. 12, 2016). Moreover, a summary judgment dismissal based on AEDPA's statute of limitations is a decision on the merits. *See Hernandez v. Caldwell*, 225 F.3d

435, 436–37 (4th Cir. 2000) ("The State of North Carolina moved for summary judgment on the merits and on the procedural ground that Hernandez's habeas petition was untimely under the one- year limitation of 28 U.S.C. § 2244(d). The district court dismissed Hernandez's petition, agreeing that it was barred by § 2244(d)."); *see also Goodman v. McCabe*, No. 1:13-CV-594-RMG, 2013 WL 5530522, at *2 (D.S.C. Oct. 7, 2013) ("Therefore, the Court adopts the Magistrate Judge's recommendation that the Respondent's motion for summary judgment be granted on its merits pursuant to AEDPA's statute of limitations.") (internal docket citations omitted). Therefore, because the first § 2254 petition was adjudicated on the merits the Court overrules this objection.

Finally, Petitioner's third objection Petitioner objects to both the magistrate judge's and Judge Childs' conclusion that his first § 2254 petition was not timely. The Court is without jurisdiction to consider this objection for two reasons. First, as noted above, the Court is without jurisdiction to consider this successive habeas action since Petitioner has not received permission to file a successive petition from the Fourth Circuit. Second, on page 2 of his objections, Petitioner seeks reconsideration in this habeas action of the 2014 habeas order, which was decided on the merits and affirmed by the Fourth Circuit. The Court finds no basis, and is without jurisdiction, to reconsider an order in another, separate case. Petitioner cannot now collaterally attack that order via objections in this case.

Accordingly, for the reasons stated, the Court **OVERRULES** Petitioner's objections.

## CERTIFICATE OF APPEALABILITY

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing § 2254 Proceedings. The Court concludes that there is not a legal or factual basis to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

## CONCLUSION

After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 11, is **ACCEPTED**. Petitioner's objections, ECF No. 14, are **OVERRULED**. Petitioner's petition for relief pursuant to § 2254 is **DISMISSED** with prejudice as improperly successive.

**IT IS SO ORDERED.**

    *s/Terry L. Wooten*
Senior United States District Judge

September 8, 2023
Columbia, South Carolina